**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. VONTEE, INC. D/B/A YUKON ON WHEELS, an Oklahoma Domestic Corporation,<br><br><br><br>Plaintiff,<br><br>v.<br><br>1. UNITED NATIONAL INSURANCE COMPANY, INC., a foreign for profit Insurance Corporation, and<br>2. UNITED NATIONAL INSURANCE COMPANY, an inactive foreign for profit Insurance Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  CIV-16-287-M |

<u>**COMPLAINT**</u>

<u>**A.  Parties**</u>

1.     Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, is a corporation incorporated and organized under the laws of the State of Oklahoma with its principal place of business in the State of Oklahoma.

2.     Defendant, United National Insurance Company, Inc. is a foreign for-profit insurance corporation, incorporated and organized under the laws of the State of Pennsylvania.

3.      Defendant, United National Insurance Company, is a foreign for-profit insurance corporation, incorporated and organized under the laws of the State of Pennsylvania, which is designated as "inactive" through the Oklahoma Department of Insurance.

4.      The principal place of business for Defendants, United National Insurance Company, Inc. and United National Insurance Company, is Bala Cynwyd, Pennsylvania.

5.      The Defendant, United National Insurance Company, Inc., is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

6.      This action is not related to any other case filed in this court.

## B. Jurisdiction

7.      The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

8.       At all times material hereto, the Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, located  at 24 E. Main Street in Yukon, Oklahoma, was insured under the terms and conditions of a property insurance policy, policy number OP0000048YUKON-1, issued by the Defendants, United National Insurance

Company and/or United National Insurance Company, Inc.

9.     At all times material hereto, the Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, complied with the terms and conditions of its insurance policy.

10.     On or about March 25, 2015, the Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, and its affiliated buildings and structures sustained damage as a result of hail. Plaintiff's roofing structure sustained cosmetic damage to the panels and functional damage to the seams, both of which are covered pursuant to the terms and conditions of Plaintiff's insurance policy.

11.   Hail and wind are covered perils not limited or excluded pursuant to the terms and conditions of Plaintiff's property insurance policy.

### D. Count I: Breach of Contract

12.     Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, hereby asserts, alleges and incorporates paragraphs 1-11 herein.

13.     The property insurance policy No. OP0000048YUKON-1, issued by Defendants, United National Insurance Company and/or United National Insurance Company, Inc., was in effect on March 25, 2015.

14.     Subsequent to the March 25, 2015 hail storm, Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, timely submitted a claim to Defendants, United National Insurance Company and/or United National Insurance Company, Inc., and provided a repair/replacement estimate to Defendants.  Defendants refused to issue

payment to fully repair and/or replace Plaintiff's obviously hail damaged metal roofing system. Defendants' refusal to pay for repair and/or replacement of the Plaintiff's hail damaged roofing system constitutes a breach of the insurance policy.

15.     The acts and omissions of Defendants, United National Insurance Company and/or United National Insurance Company, Inc., in the investigation, evaluation, and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.  Defendants, United National Insurance Company and/or United National Insurance Company, Inc., breached their contract with Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, by failing to conduct a reasonable investigation of the Plaintiff's claim and by improperly denying payment and coverage for Plaintiff's obviously hail damaged roofing system.

16.     Defendants, United National Insurance Company and/or United National Insurance Company, Inc., further breached their contract with Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, and acted in bad faith by treating the Plaintiff as if their insurance policy included a cosmetic exclusion endorsement which reduced and/or excluded coverage for metal roofing systems dented by hail. Plaintiff's insurance policy does not have such an endorsement. Defendants, United National Insurance Company and/or United National Insurance Company, Inc., could have

issued an insurance policy to Plaintiff which included a cosmetic endorsement but did not do so.  Instead, Defendants, United National Insurance Company and/or United National Insurance Company, Inc., unreasonably and in bad faith are treating Plaintiff's replacement cost policy as if it has the above mentioned cosmetic endorsement when Defendants know that Plaintiff's policy does not contain such an endorsement.

## E. Count II: Bad Faith

17.    Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, hereby asserts, alleges and incorporates paragraphs 1-16 herein.

18.    The acts and omissions of the Defendants, United National Insurance Company and/or United National Insurance Company, Inc., in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

19.    Defendants' refusal to pay the cost to fully repair and/or replace the Plaintiff's obviously hail damaged roofing systems is a bad faith breach of Plaintiff's insurance policy. Defendants, United National Insurance Company and/or United National Insurance Company, Inc., acted in bad faith by failing to conduct a reasonable investigation of the Plaintiff's claim and by improperly denying payment and coverage for Plaintiff's obviously hail damaged roofing systems.

20.     Defendants, United National Insurance Company and/or United National Insurance Company, Inc., acted in bad faith by treating the Plaintiff as if their insurance policy included a cosmetic exclusion endorsement which reduced and/or excluded coverage for metal roofing systems dented by hail. Plaintiff's insurance policy does not have such an endorsement. Defendants, United National Insurance Company and/or United National Insurance Company, Inc., could have issued an insurance policy to Plaintiff which included a cosmetic endorsement but did not do so.  Instead, Defendants, United National Insurance Company and United National Insurance Company, Inc., unreasonably and in bad faith are treating Plaintiff's replacement cost policy as if it has the above mentioned cosmetic endorsement when Defendants know that Plaintiff's policy does not contain such an endorsement.

21.     Defendants' unreasonable refusal to pay for the damage to Plaintiff's metal roof structures was unreasonable, outside of insurance industry standards, and was committed in bad faith as part of a nationwide claim handling strategy designed to improperly reduce claim payments issued by Defendants, United National Insurance Company and/or United National Insurance Company, Inc., to first party insureds.

### F. Count III: Punitive Damages

22.     Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, hereby asserts, alleges and

incorporates paragraphs 1-21 herein.

23.    The unreasonable conduct of the Defendants, United National Insurance Company and/or United National Insurance Company, Inc., in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, for which punitive damages are hereby sought.

## G. Demand for Jury Trial

24.    The Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, hereby requests that the matters set forth herein be determined by a jury of its peers.

## H. Prayer

25.    Having properly pled, the Plaintiff, Vontee, Inc., d/b/a Yukon on Wheels, hereby seeks contractual, bad faith and punitive damages against the Defendants, United National Insurance Company and/or United National Insurance Company, Inc., together in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**